UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20079-CR-SEITZ

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ALEXANDER MENENDEZ,

        Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS INDICTMENT

THIS MATTER is before the Court on the Defendant's Motion to Dismiss [DE-27] all counts of the indictment. The indictment charges 32 counts of theft of the property of a United States agency, the Postal Service, pursuant to 18 U.S.C. §641, and four counts of aggravated identity theft in violation of 18 U.S.C. §1028A(a)(1). The Government opposes the motion [DE-30] and the Defendant filed a reply [DE-31]. For the reasons discussed below, the Court will deny the motion.

### Defendant's Position

Defendant argues the indictment must be dismissed because the language of the Postal Reorganization Act of 1970 (PRA), specifically, 39 U.S.C. §410, reflects Congress' clear intent to prohibit criminal charges for theft of postage and postal services under any provision of Title 18 United States Code except those that come within the scope of 39 U.S.C. §410(b)(2). Defendant cites 62 provisions of Title 18 which he asserts are the only criminal statutes that the language of §410(b)(2) covers. [DE-27 at 3, n.2]. Defendant correctly notes that no court has directly addressed whether PRA precludes the application of 18 U.S.C. §641 when the victimized federal agency is the

Postal Service. However, the reason for this state of affairs may simply be due to the fact that no one, since the PRA's enactment 40 years ago, has interpreted the statutory language in the creative manner that the Defendant does.

Analysis

Statutory interpretation begins with the language that Congress has employed and courts are obligated to assume that the "ordinary meaning of that language accurately expresses the legislative purpose" and apply the statute according to its terms when the text is plain and unambiguous. *See United States v. Crape,* 603 F.3d 1237, 1242 (11th Cir. 2010). Congress' purpose in enacting the Postal Reorganization Act was to make the Postal Service an independent federal executive agency of the United States government, improve its efficiency and operations, make it self-supporting and otherwise attempt to make it run more like a business as it provides this important communication service to the people of the United States. 39 U.S.C. §§101 and 201; *see generally, Gaj v. U.S. Postal Service,* 800 F.2d 64, 68 (3rd Cir. 1986). In section 401 of the PRA, Congress specifically delineated the powers of Postal Service. 39 U.S.C. §401. This section is similar to any standard corporate charter. As an agency of the United States government, the goods and services of the Postal Service are things of value of the United States. Thus, the theft of such goods and services may be charged under 18 U.S.C. §641.

Defendant's argument relies on his reading of §410 which emphasizes certain words taken out of context and ignores other plain and unambiguous words. Unfortunately for him, his reading violates basic principles of statutory construction. The two sections of §410 on which the Defendant focuses are, first, Section 410(a) which states:

> Except as provided by subsection (b) of this section, and except as otherwise provided in this title or insofar as such laws remain in force as rules or regulations of the Postal Service, no Federal law dealing with public or Federal contracts, property, works, officers, employees, budgets, or funds, including the provisions of chapters 5 and 7 of title 5, shall apply to the exercise of the powers of the Postal Service.

and second, Section 410(b)(2) which reads:

> (b) The following provisions shall apply to the Postal Service:
> . . .
> (2) all provisions of title 18 dealing with the Postal Service, the mails, and officers or employees of the government of the United States;
> . . .

Defendant's motion rests on excising the critical language of Section 410(a) that plainly says that the proviso "shall apply to the *exercise of the powers* of the Postal Service." (Emphasis added). As previously stated, the powers at issue are the powers of the Postal Service as clearly enumerated in Section 401. The plain and unambiguous language of this section does not prohibit the United States from pursuing the theft of its property under 18 U.S.C. §641, the generic provision used to charge the theft of any United States property.

If Defendant's motion is suggesting that he can only be charged under 18 U.S.C. §1707, which makes it a federal crime to steal property "used by the Postal Service" rather than 18 U.S.C. §641, it is without merit. The old Fifth Circuit distinguished the situations to which §1701 applies from those of §641 in *United States v. Pursley*, 431 F.2d 961 (5th Cir 1970).[1] The critical distinction is between use and ownership. In this case, the Defendant is charged with the theft of United States

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) decisions of the Fifth Circuit that existed as of September 30, 1981 became binding precedent of the Eleventh Circuit.

-3-

postage which is property owned by the United States, not property used by the Postal Service. *Id.* at 962.

Therefore, for these reasons, it is

ORDERED that Defendant's Motion to Dismiss the Indictment [DE-27] is DENIED.

DONE and ORDERED in Miami, Florida, this 21st day of June, 2010.

                                          PATRICIA A. SEITZ
                                          UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record