UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-20079-CR-ALTONAGA/Brown

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.

**ALEXANDER MENENDEZ**,

    Defendant.
_____/

### ORDER

**THIS CAUSE** came before the Court upon Defendant, Alexander Menendez's ("Menendez['s]") Motion for Judicial Inquiry and Investigation into Juror Misconduct ("Motion") [ECF No. 57], filed July 15, 2010. The Court has carefully reviewed the parties' written submissions and applicable law.

### I. BACKGROUND

Menendez was indicted on February 12, 2010 on thirty-two counts of postal fraud, 18 U.S.C. § 641, and four counts of identity theft, 18 U.S.C. § 1028A(a)(1). (*See* Indictment [ECF No. 1]). The case went to trial and on July 9, 2010, the jury returned a verdict acquitting Menendez of counts one through twenty-five and convicting him on counts twenty-six through thirty-six. (*See* Jury Verdict [ECF No. 51]). The counts in the Indictment were listed chronologically and the jury convicted Menendez on each count occurring after September 28, 2009, the day a postal clerk "specifically told the defendant his checks were bouncing." (Resp. 2 [ECF No. 59]).

On July 11, 2010, two days after the jury's verdict, counsel for Menendez received an anonymous telephone call from a woman who stated: "I was not on the jury, but I know that Mr.

Case No. 10-20079-CR-ALTONAGA/Brown

Carton took over the deliberations. You should look into it. He may have friends that are prosecutors." (Mot. 1). Menendez now asks the Court to conduct a judicial inquiry into potential juror misconduct. (*See id.*). Specifically, Menendez "suggests that the Court: (1) interview Carton [] to determine whether or not he provided sufficient information on his Juror Questionnaire . . . (2) interview other jurors [] to determine whether or not Carton did evidence partiality in the jury room . . . (3) and determine whether it is necessary . . . that the defense and/or the Government participate in an examination of Carton, or any of the other jurors." (*Id.*).

## II.  LEGAL STANDARD

A criminal defendant has the right to a "speedy and public trial, by an impartial jury." U.S. CONST. amend. VI. "A jury is presumed to have acted impartially" during its deliberations. *Ward v. Hall*, 592 F.3d 1144, 1175 (11th Cir. 2010) (citing *United States v. Siegelman*, 561 F.3d 1215, 1237 (11th Cir. 2009)). "A defendant may rebut this presumption by making a colorable showing that juror exposure to extraneous information has violated his right to an impartial jury." *Ward*, 592 F.3d at 1175. "If such a showing is made, then prejudice is presumed." *Id.*

The district court has broad discretion to grant a motion for judicial inquiry into juror misconduct. *See generally McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 553 (1984) (recognizing the district court's discretion to "ignore errors that do not affect the essential fairness of the trial"). The Eleventh Circuit does caution, however, that for a defendant to make a colorable showing that "justif[ies] a post-trial hearing involving the trial's jurors, the defendant must do more than speculate; he must show 'clear, strong, substantial and incontrovertible evidence . . . that a specific, nonspeculative impropriety has occurred.'" *United States v. Cuthel*, 903 F.2d 1381, 1383

Case No. 10-20079-CR-ALTONAGA/Brown

(11th Cir. 1990) (quoting *United States v. Ianiello*, 866 F.2d 540, 543 (2d Cir. 1989)); *United States v. Cooper*, No. 06-14029-CR, 2007 WL 1521507, at *2 (S.D. Fla. May 22, 2007). "'The more speculative or unsubstantiated the allegation of misconduct, the less the burden to investigate.'" *Cuthel*, 903 F.2d at 1383 (quoting *United States v. Caldwell*, 776 F.2d 989, 998 (11th Cir. 1985)).

### III.  ANALYSIS

Menendez relies upon the anonymous phone message to request a judicial inquiry into possible juror misconduct. In essence Menendez's position is that the jury did not act impartially because it was exposed to extraneous information. *See Ward*, 592 F.3d at 1175 (explaining such a showing justifies a post-trial hearing to investigate a jury's impartiality). Extraneous information can be (1) outside information the jury treats as evidence even though it was not presented as evidence during trial and (2) any outside influence or prejudice a juror holds and extends to other jurors. *See Cuthel*, 903 F.2d at 1383 (applying FED R. EVID. 606(b)).

The telephone message Menendez's counsel received does not meet the defendant's burden under *Cuthel* that the showing be "clear, strong, substantial and incontrovertible." 903 F.2d at 1383. The caller begins with the statement, "I was not on the jury." (Mot. 1). Thus, whatever follows is secondhand and less incontrovertible than if the caller had been a juror and experienced the deliberations personally. The caller then states, "I know that Mr. Carton took over the deliberations . . . [h]e may have friends that are prosecutors"(Mot. 1), but there is nothing to show Mr. Carton exposed the jury to preconceived prejudice or presented outside information to be treated as evidence during the deliberations. The message's assertion is not clear, strong or substantial, as the caller qualifies Mr. Carton's connection to prosecutors by speculating he "might have friends that are

3

Case No. 10-20079-CR-ALTONAGA/Brown

prosecutors" (*id.*), not that he indeed does have such friends or how such friendships affect his ability to follow the law.

This case is factually similar to *Cuthel*, where the defendant received an anonymous phone call stating "we [the jury] were pressured into making our decision." *Cuthel*, 903 F.2d at 1382. The Eleventh Circuit affirmed the district court's denial of the defendant's motion for judicial inquiry – despite the implication the caller was a juror – because the defendant did not show any real proof of external influence. *See id.* Similarly, Menendez does not meet his burden because he does not have clear, strong, substantial and incontrovertible evidence of external influence over the jury.

The verdict itself appears to dispel the possibility of external influence because the jury convicted Menendez on each count occurring after September 28, 2009, the day a postal clerk told Menendez his checks were bouncing. (*See* Resp. 2). Thus, the split verdict coincides logically with the evidence presented at trial. In his Reply, Menendez cites *United States v. Carpa*, 271 F.3d 962 (11th Cir. 2001), for the proposition that "the Eleventh Circuit . . . gave little weight to [sic] fact that the jury rendered a split verdict." (Reply 3, n.4 [ECF No. 60]; *see also* Mot. 6). In *Carpa*, however, the district judge did not cite the split verdict as evidence of a lack of juror misconduct but rather as an observation that the deliberations process was not unusual. *See United States v. Ippolito*, 10 F. Supp. 2d 1305, 1308 (M.D. Fla. 1998), *rev'd sub nom. Carpa*, 271 F.3d at 962. Menendez's verdict weighs against juror misconduct because it accords with the evidence at trial.

Menendez also analogizes the factual circumstances of *Carpa* with the present case. (Mot. 4–7). In *Carpa*, the district court granted the defendant's motion for judicial inquiry into juror misconduct, directed an FBI agent to interview the jurors without the presence of defendant's

4

Case No. 10-20079-CR-ALTONAGA/Brown

counsel and then allowed the agent to testify as to his findings.[1]  *See* 271 F.3d at 965.  The Eleventh Circuit reversed because "the district judge erred in his supervision of the joint FBI-Prosecution private examination."  *Id.* at 967.  *Carpa* is not applicable to the present case as it involved the validity of procedures once the judicial inquiry commenced; the present case involves the preliminary and more narrow question of whether the telephone message received by Defendant's counsel warrants a judicial inquiry at all.

### IV.  CONCLUSION

The telephone message Menendez's counsel received is not from a juror nor does it sufficiently show Mr. Carton exposed the jury to external influence during the deliberations.  Consistent with the foregoing analysis, it is

**ORDERED AND ADJUDGED** that Menendez's Motion for Judicial Inquiry and Investigation into Juror Misconduct  **[ECF No. 57]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of July, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[1] In *Carpa*, the juror in question failed to disclose his felony status during voir dire.  *See* 271 F.3d at 964.  Unlike the anonymous phone message that attempts to attribute unspecific, speculative bias to Mr. Carton, there was direct evidence in *Carpa* that the juror lied about being charged with a felony.  *See id.*